UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER T. BUECHER,

Plaintiff,

v.

INDEPENDENT SCHOOL DISTRICT NO. 623, Roseville Area Schools; JOHN THEIN, individually and in his capacity as School Superintendent of ISD No. 623; E. KEITH SMELSER, individually and in his official capacity as Assistant to the Superintendent; and SARAH THOMPSON, individually and in her capacity as Principal of Roseville Area Middle School,

Defendants.

CIVIL NO. 00-2540 (DSD/JMM)

ORDER

The above matter is before the undersigned upon Plaintiff's Motion to Amend the Complaint [Docket No. 8]. The Parties waived oral argument. Plaintiff is represented by Mark Gehan, Esq. and Jennifer Jameson, Esq. Defendants are represented by Maggie Wallner, Esq. and Daniel Becker, Esq. The Motion is decided upon the written submissions.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Amend the Complaint pursuant to F.R.C.P. 15 [Docket No. 8] is granted without prejudice to any defenses which have been or may be asserted in the future by Defendants.

FEB 22 2001

2. Plaintiff shall serve the Amended Complaint upon Defendants and file the original of the Amended Complaint with the Clerk of Court no later than March 1, 2001.

3. Defendants shall plead in response to the Amended Complaint within ten (10) days after service in accordance with F.R.C.P. 15(a).

Dated: February 22, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

The standards governing the amendment of pleadings are well settled. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Eighth Circuit has stated that "a party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" Gamma-10 Plastics, Inc. v. Amer. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder v. Merrill Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981)). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Id. at 1256.

J.M.M.